UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHARLES KEVIN KELLEY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:26-cv-77 |
| v. | ) | |
| | ) | Judges Collier/Dumitru |
| DEPUTY JOHNSON, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## M E M O R A N D U M

Before the Court is a motion to dismiss for improper venue filed by Defendants, Deputies Nathan Johnson and Erik Kritz, on April 8, 2026. (Doc. 7.) Plaintiff Charles Kevin Kelley did not respond in opposition, though he did file a supplement to the complaint on May 11, 2026.[1] (Doc. 12.) For the following reasons, the Court will deny Defendants' motion and order the transfer of the case to the Middle District of Tennessee.

## I. BACKGROUND

Plaintiff, a purported "American State National or American State Citizen" (Doc. 1 at 2), filed this lawsuit against Defendants following their arrest of him on February 26, 2026, in Lewisburg, Tennessee. (*Id.* at 6.)

According to the complaint, Defendants handcuffed Plaintiff "so tight it cut off the circulation and put unbearable pain on [him]." (*Id.*) When he asked Defendant Johnson to "stop and loosen the cuffs," Defendant Johnson replied "that we would be there soon." (*Id.*) Plaintiff

---

[1] Plaintiff is representing himself in this lawsuit. Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). The supplement, however, contains virtually no additional factual allegations, nor does it respond to the arguments raised in Defendants' motion, so the Court will largely disregard it.

adds that he is "ADA," given that "both [his] shoulders are very bad, after surgeries." (*Id.*) Plaintiff also alleges that Defendant Johnson issued him a citation (*id.*); that he "was denied the opportunity to sign the contract by Deputy Johnson," who "conspired by Deputy Kurtz [*sic*]" (*id.*);[2] that various officials, including "the judge," "any clerk with knowledge of this unconstitutional act," the "Marshalls," and the "Sheriff's Department" are a criminal organization; and that he is entitled to "restitution of 2.5 million dollars" (*id.* at 6–8).

Plaintiff argues that Defendants' actions violated 42 U.S.C. § 1983 (*id.* at 15), though his legal theory of how he was deprived of "any rights, privileges or immunities secured by the Constitution and laws" (42 U.S.C. § 1983) is somewhat muddled. He clearly argues that his constitutional rights, including his right to "liberty," were violated. (*See* Doc. 1 at 6–7.) And he also asserts that Defendants are guilty of "RICO," "piracy," "barratry," and "kidnapping." (*Id.* at 6.)

But Plaintiff does not appear to dispute the fact that he was driving with a revoked license when Defendants arrested him (although he does assert that he "will never consent to any . . . fictional statutes, rules, regulations, or codes maxim" (*id.* at 6)). In fact, one of the complaint's attachments is Deputy Johnson's signed affidavit stating that there was probable cause to believe that Plaintiff "did commit the offense of driving on a revoked license when he was pulled over for a traffic infraction on Cornersville highway for a light law violation." (*Id.* at 16.)

## II. <u>STANDARD OF REVIEW</u>

On a Rule 12(b)(3) motion to dismiss for improper venue, "the plaintiff bears the burden of proving that venue is proper." *Gone To The Beach, LLC v. Choicepoint Services, Inc.*, 434 F.

[2] It is unclear from the pleadings what "contract" Plaintiff is referencing, or how such a denial would constitute a violation of his rights.

Supp. 2d 534, 536–37 (W.D. Tenn. 2006). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* at 537. If the Court determines that venue is improper, it may dismiss the case or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III. DISCUSSION

### A. Venue is not proper in the Eastern District of Tennessee.

"Actions under 42 U.S.C. § 1983 are governed by the general venue provision found in 28 U.S.C. § 1391." *Schoenthal v. Carroll Cty. Sherriff's Dep't*, No. 2:19-cv-31, LEXIS 132572, at *3 (M.D. Tenn., Jul. 19, 2019) (citations omitted). According to 28 U.S.C. § 1391(b), venue is proper "in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Here, Defendants argue that the venue in which this case was filed, the Eastern District of Tennessee, is not proper under any of the three bases set forth in § 1391(b). The Court agrees.

Subsection (b)(1) of § 1391 does not confer venue over this matter because it appears that neither Defendant resides in the Eastern District of Tennessee. (*See* Doc. 8 at 5 ("Plaintiff has not identified any defendant who is a resident of the Eastern District of Tennessee.").) For venue purposes, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Because no evidence has been put forth showing or even suggesting that Defendants reside in the Eastern District, § 1391(b)(1) cannot support a finding of proper venue.

Likewise, Subsection (b)(2) fails to confer venue over this matter. The events alleged by Plaintiff occurred in Lewisburg, Marshall County, Tennessee (*see* Doc. 1 at 6 ("I was unlawfully arrested while attempting to travel through Lewisburg[,] Tennessee"))—which is located in the Middle District of Tennessee, not the Eastern District. *See* United States District Court, Middle District of Tennessee, *Divisions of Court*, https://www.tnmd.uscourts.gov/divisions-court.

Finally, Subsection (b)(3) cannot rescue the case as filed, because, according to the factual allegations in Plaintiff's complaint (*see* Doc. 1 at 6) and as admitted by Defendants (*see* Doc. 8 at 4–5), venue *would* be proper in the Middle District of Tennessee under Subsection (b)(2). As explained in the statute, Subsection (b)(3) can only establish proper venue when neither (b)(1) nor (b)(2) can. *See* 28 U.S.C. § 1391(b).

Therefore, the Court agrees with Defendants' improper-venue defense. The Court next turns to the question of whether to dismiss or transfer the case in light of the venue defect.

**B. The case will be transferred, rather than dismissed, in the interest of justice.**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or jurisdiction shall dismiss" the case, "or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." Defendants urge the Court to dismiss, rather than transfer, this matter. Their primary argument in favor of dismissal is that if the case were transferred, the transferee court would ultimately dismiss it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Doc. 8 at 5–6.)

Rule 12(b)(6) allows for dismissal when the complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (cleaned up). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the bulk of Plaintiff's allegations do not plausibly allege any violation of the Constitution or the law on Defendants' part. If anything, Plaintiff's allegations and attachments to the complaint (such as Defendant Johnson's affidavit) suggest that Defendants lawfully arrested Plaintiff for violating Tennessee law.

Plaintiff's allegations of excessive force, however, merit further attention—despite Defendants' motion and memorandum not addressing this portion of the complaint. *See generally* Docs. 7–8. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). The Fourth Amendment of the Constitution prohibits unreasonable searches and seizures, including the objectively unreasonable use of force. *See*

*Graham v. Connor*, 490 U.S. 386, 388 (1989). Therefore, a law enforcement officer's use of excessive force may give rise to a valid claim under § 1983. *See id.*

More specifically, "unduly tight or excessively forceful handcuffing during the course of a seizure" constitutes excessive force in violation of the Fourth Amendment. *Miller v. Sanilac Cty.*, 606 F.3d 240, 252 (6th Cir. 2010). This right was clearly established long before Plaintiff's arrest in February 2026. *See, e.g.*, *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009). A handcuffing claim requires showing that: "(1) [the plaintiff] complained the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced 'some physical injury' resulting from the handcuffing." *Id.* (citing *Lyons v. City of Xenia*, 417 F.3d 565, 575–76 (6th Cir. 2005)).

Here, Plaintiff included sufficient, albeit not particularly detailed, factual allegations to support each element of this test. With respect to the first two elements, Plaintiff alleges that he asked Defendant Johnson to "loosen the cuffs," but instead of doing so, Defendant Johnson merely responded "that we would be there soon." (Doc. 1 at 6.) And with respect to the final element, which requires a physical injury, Plaintiff alleges that the handcuffs "cut off the circulation and put unbearable pain on [him]." (*Id.*) Although these physical injuries are not described in great depth, they would likely suffice under a Rule 12(b)(6) analysis. *See, e.g.*, *Morrison*, 583 F.3d at 402–03 (holding that evidence that handcuffs were so tight that skin was "pinched," "turning "black and blue," and had "marks" was enough on this element to preclude summary judgment); *Martin v. Heideman*, 106 F.3d 1308, 1310, 1312–13 (6th Cir. 1997) (rejecting a grant of qualified immunity to officer who handcuffed plaintiff's hands so tightly that they became numb and swollen over the course of 35 minutes).

Therefore, pursuant to 28 U.S.C. § 1406(a), the interest of justice is served by the transfer, rather than the dismissal, of this case. As described above, the Middle District of Tennessee is a "district . . . in which [this case] could have been brought." 28 U.S.C. § 1406(a). Therefore, this case will be transferred to the Middle District of Tennessee.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss (Doc. 7). Rather than dismissing the case, the Court **TRANSFERS** the case to the Middle District of Tennessee.

**An appropriate order will enter.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**